FILED
2014 AUG 29 PM 3:28

Joseph M. Preis (State Bar No. 212998)
Robert M. Dato (State Bar No. 110408)
Jason P. Brown (State Bar No. 296688)
**GODES & PREIS, LLP**
8001 Irvine Center Drive, Suite 1420
Irvine, CA 92618
T: 949.468.0051
F: 949.872.2281

Attorneys for Plaintiff
CALIFORNIA SCENTS

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CALIFORNIA SCENTS, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>IMEX MARKETING CO., INC., a California corporation; THREE TOPS LLC, a California company; and DOES 1 through 10, inclusive,<br><br>Defendants. | COMPLAINT FOR:<br>SACV14-01397 FMO (RZx)<br><br>**FEDERAL TRADEMARK INFRINGEMENT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff California Scents ("California Scents") hereby alleges as follows:

## PARTIES

1. California Scents is a corporation organized and existing under the laws of the State of California, with its principal place of business in Orange County, California.

2. California Scents is informed and believes, and on that basis alleges, that Defendant IMEX Marketing Co., Inc. ("IMEX") is a corporation organized under the laws of the State of California, with its principal place of business in Orange County, California.

3. California Scents is informed and believes, and on that basis alleges, that Defendant Three Tops LLC ("Three Tops"), doing business as "Treefrog," is a limited liability company organized under the laws of the State of California, with its principal place of business in Orange County, California.

4. California Scents is informed and believes, and on that basis alleges, that DOES 1 through 10, inclusive, are persons or entities whose exact identities and/or roles are currently unknown to it, but who are in some fashion responsible for the acts, omissions, and resulting damages alleged herein. California Scents is ignorant of the true names of Defendants sued herein under the fictitious names DOES 1 through 10, and will seek leave to amend this complaint to state the true names and capacities of DOES 1 through 10 when they have been ascertained.

5. California Scents is informed and believes, and on that basis alleges that, except as otherwise alleged herein, at all relevant times each of the Defendants, including DOES 1 through 10, inclusive, was the member, agent, servant, employee, employer, partner, joint venture, alter ego, affiliate, authorized representative, and/or co-conspirator of each of the other Defendants, and was acting within the scope and purpose of such position at the direction of and/or with the permission, knowledge, consent and/or ratification of each of the other Defendants.

6. California Scents is informed and believes that there exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendant IMEX and Three Tops, such that any individuality and separateness between these Defendants has ceased and that Three Tops is the alter ego of IMEX.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims alleged in this Complaint under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks).

8. This Court has personal jurisdiction over Three Tops and IMEX because both defendants are domiciled in the state and have their principal places of business within this District. Defendants' acts of infringement in violation of 15 U.S.C. §§ 1114 and 1125 have placed their infringing products into the stream of commerce, including within this District. Defendants' acts have caused injury to California Scents within this District and have enabled Defendants to derive substantial revenues from the sale of infringing products within this District. These acts demonstrate Defendants' expectations that their actions would have consequences within this District.

9. Venue is proper in this Court because both defendants reside in this District.

## BACKGROUND

10. California Scents is a provider of high quality air freshening products for consumers' homes, offices, and automobiles, as well as a provider of professional and janitorial products, and has been in business since 1993. California Scents products are available at major retailers throughout North America and within the County of Orange, including nationwide mass merchants, grocery stores, convenience stores, drug and hardware stores, automobile product stores, and specialty stores, and are also available in over 100 countries around the world through retailers and authorized distributors. California Scents also contracts with outside entities to manufacture a number of the components of its products.

11. IMEX was incorporated in the State of California on July 24, 1992. IMEX is a durable goods wholesale distributor, dealing mostly in air fresheners. It operates a website at the following URL: http://www.asosan.com/. The website includes the following description of the company: "We have been in business since 1985, and it is our goal to establish and maintain a long term relationship with our customers. We thank our loyal customers for their continue [sic] support and trust in our air fresheners."

12. Three Tops filed as a Domestic LLC in the State of California on January 5, 2010. Three Tops does business as Treefrog, which operates an online catalog center at the following URL: http://www.treefrogairfreshener.com/. The website includes the following description of Treefrog: "Welcome to Imex web site, ('treefrogairfreshener.com'). We appreciate the

opportunity to introduce you with our company and fine TREEFROG Airfresheners. We have been in business since 1985, and it is our goal to establish and maintain a long term relationship with our customers. We thank our loyal customers for their continue [sic] support and trust in our air fresheners."

13. IMEX and Three Tops share the same physical address in Orange County, CA: 1611 West Commonwealth Avenue, Fullerton, CA 92833. IMEX and Three Tops also share the same agent for services of process: Buck Chung. These facts demonstrate that IMEX and Three Tops are, in fact, the same.

14. California Scents has protected its innovative products and product names through registered, active, and protectable trademarks, including "Xtreme" (United States Registration Number ("U.S. Reg. No.") 3821223 ("the Trademark"). California Scents registered the Trademark on July 20, 2010. The literal element of the mark consists of "Xtreme." The mark consists of standard characters, without claim to any particular font, style, size, or color. The Trademark is used on air freshener products as packaged for retail sales and in advertising and marketing materials. It is still active.

15. Upon discovery in December, 2013 that Defendants were using the Trademark "Xtreme" in connection with the design, marketing materials, and sales for its Treefrog air freshening products, "Xtreme Fresh" and "Xtreme Fresh Mini," California Scents demanded that Defendants immediately cease and desist their unlawful infringement of the Trademark.

16. Rather than innovate and develop its own products, packaging, and advertising material for its air freshening products, Defendants chose to infringe the Trademark through the design, packaging, and promotion of its products, and did so willfully to trade upon the goodwill that California Scents has developed in over twenty years of work and operation in connection with air freshening products.

## CAUSE OF ACTION

**Federal Trademark Infringement – 15 U.S.C. § 1114**

17. California Scents hereby incorporates by reference as though fully set forth herein the allegations of paragraphs 1 through 16.

18. California Scents owns the Trademark for the product description "Xtreme," which it uses in many of its air freshening products.

19. Defendants infringed the Trademark by using that product description on their "Xtreme Fresh" products.

20. Defendants' infringement of the Trademark is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship, or approval of the "Xtreme Fresh" line of products and/or to cause confusion or mistake as to any affiliation, connection or association between Defendants and California Scents, in violation of 15 U.S.C. § 1114(a).

21. Defendants' infringement of the Trademark enables Defendants to benefit unfairly from California Scents' reputation and success, thereby giving Defendants' infringing products sales and commercial value that they would not otherwise enjoy.

22. Prior to Defendants' first infringement of the Trademark, Defendants were aware of California Scents' business and had either actual or constructive notice of the Trademark.

23. California Scents is informed and believes, and on that basis alleges, that Defendants' infringement of the Trademark as described in this Complaint has been, and continues to be, intentional, willful, and without regard to California Scents' rights.

24. California Scents is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of the Trademark.

25. California Scents has suffered and will suffer irreparable harm from Defendants' infringement of the Registered Trademark insofar as California Scents' invaluable goodwill has been and threatens to be eroded by Defendants' continued infringement. California Scents has no remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers, and goodwill flowing from Defendants' infringing activities. Pursuant to 15 U.S.C. § 1116, California Scents is entitled to an injunction against Defendants' continued infringement of California Scents' Registered Trademark. Unless enjoined, Defendants will continue its infringing conduct.

26. Because Defendants' actions have been committed with intent to damage California Scents and to confuse and deceive the public, California Scents is entitled to treble its actual damages or to disgorge Defendants' profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 1117(b).

## PRAYER FOR RELIEF

California Scents prays for relief as follows:

1. A judgment that Defendants have infringed California Scents' asserted Registered Trademark;

2. An order and judgment preliminarily and permanently enjoining Defendants and their officers directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of California Scents' asserted Trademark;

3. A judgment awarding California Scents all damages adequate to compensate for Defendants' infringement of California Scents' asserted Registered Trademark, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4. A judgment awarding California Scents all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest.

5. For compensatory damages in an amount according to proof, in excess of $500,000.00, suffered by California Scents as a result of Defendants' unlawful conduct, as well as prejudgment interest as authorized by law;

6. Reasonable funds for future corrective advertising;

7. An accounting of Defendants' profits pursuant to 15 U.S.C. § 1117;

8. A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

9. Restitutionary relief against Defendants and in favor of California Scents, including disgorgement of wrongfully obtained profits and any other appropriate relief;

10. Costs of suit and reasonable attorneys' fees; and

11. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

California Scents hereby demands a jury trial.

Dated: August 29, 2014

**GODES & PREIS, LLP**

By: _____
Joseph M. Preis
Robert M. Dato
Jason P. Brown
Attorneys for Plaintiff
California Scents

-7-
**COMPLAINT**